IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-323-1-BO

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RENE CASTILLO | ) | |
| | ) | |

This matter is before the Court on *pro se* Defendant's Motion for Reexamination of Restitution. (DE # 37). The Motion is DENIED.

## FACTS

On November 16, 2009, Defendant pled guilty, pursuant to a plea agreement, to one count of conspiracy to pass and utter counterfeit obligations of the United States. On April 6, 2010, Defendant was sentenced to eight months of imprisonment, three years of supervised release, restitution in the amount of $59,900, and other penalties. Defendant did not appeal his sentence.

At the sentencing hearing, there was a discussion regarding what the Defendant owed in restitution. The Government stated that it had evidence of the Defendant personally passing $10,000 to $20,000 in counterfeit notes. Tr. p. 8. The Government argued, however, that as this was a conspiracy case under Section U.S.C. § 371, the Defendant should be responsible for the entire amount of the counterfeit notes distributed by the conspiracy, which came to $59,900. Id. at 8-9. The Government specifically mentioned that the Defendant played a role in a larger conspiracy whereby the Defendant would drive other conspirators to pass counterfeit notes as a

cooperative effort. Id. at 8. The Pre-Sentence Report also made reference to these facts, and the Defendant did not object to the Report.

The Court agreed that the Defendant should be responsible for the entire restitution and the Defendant did not object to this determination.

The Defendant now motions for reconsideration of his owed restitution. The Defendant also argues a lien for the restitution was wrongfully placed against his house.

## DISCUSSION

Defendant's Motion for Reexamination of Restitution is denied.

Paragraph 2 (c) of the plea agreement states that the Defendant agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the [Defendant] at the time of the[Defendant's] guilty plea." (DE# 27 at 1). As none of the exceptions to this waiver apply, Defendant's Motion is denied.

SO ORDERED, this 3 day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE